# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of: )
)
The Use of a Cell-Site Simulator to Locate the Cellular ) Case No. 16-M-011
Device Assigned Call Number 858-413-6217 6217 and )
International Mobile Subscriber Identity ("IMSI") )
310120121107104. )
)
)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property which is located in the Eastern District of Wisconsin:

See Attachment A.

I find that the affidavit(s) or any recorded testimony, establish probable cause to search and seize the person or property described above and that such search will reveal:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant ON OR BEFORE ___Jan. 29, 2016___ (not to exceed 14 days)
☐ in the daytime between 6:00 a.m. and 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___U.S. M.J. David C. Jones___.
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C.
§ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for __30__ days (not to exceed 30)    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: ___Jan. 15, 2016  2:35 p.m.___   _____[signature]_____
*Judge's signature*

City and State: Milwaukee, Wisconsin     David E. Jones, U.S. Magistrate Judge
*Printed Name and Title*

# Return

| Case No: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 16-M-011 (15-2222) | 01-15-2016 236PM | |

Inventory made in the presence of:

Inventory of the property taken and/or name of any person(s) seized:

PHONE LOCATION ON 01-15-2016 & 01-29-2016

# Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the undersigned judge.

Date: 02-23-2016

_____ NAGLER
*Executing officer's signature*

EUGENE NAGLER  DETECTIVE
*Printed name and title*

Subscribed, sworn to, and returned before me this date:

Date: Feb. 23, 2016

_____
*United States Magistrate Judge*

# ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number 858-413-6217, a cellular telephone issued by Sprint, with International Mobile Subscriber Identity ("IMSI") 310120121107104, subscribed to Mister MCKINNEY.

## ATTACHMENT B

Pursuant to an investigation of Mister MCKINNEY and others for violations of Title 21, United States Code, Sections 841 and 846, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

2